Slip Op. 11–15

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| NORMAN G. JENSEN, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Before: Richard K. Eaton, Judge |
| v. | : | |
| | : | |
| UNITED STATES, | : | Court No. 10-00115 |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

OPINION AND ORDER

[Defendant's motion to dismiss granted.]

Dated: February 10, 2011

*Joel R. Junker & Associates* (*Joel R. Junker*), for plaintiff.

*Tony West*, Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Jason M. Kenner*, *Justin R. Miller*, and *David S. Silverbrand*); Office of Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection (*Paula Smith*), of counsel, for defendant.

Eaton, Judge: This matter is before the court on the motion of defendant the United States, on behalf of United States Customs and Border Protection ("Customs"), to dismiss the complaint of plaintiff Norman G. Jensen, Inc. ("Jensen") for lack of subject matter jurisdiction.  The question presented is whether the court has jurisdiction to issue a writ of mandamus

Court No. 10-00115                                                Page 2

compelling Customs to rule on protests of liquidation[1] that have

been pending beyond the two year statutory time frame set forth

in 19 U.S.C. § 1515(a) (2006).[2]  For the reasons stated below,

the court grants defendant's motion and dismisses this action.


BACKGROUND

The facts, as set forth in Jensen's complaint, are largely

uncontested, and are accepted as true for purposes of defendant's

motion to dismiss.  *See Michael Simon Design, Inc. v. United*

*States*, 33 CIT   ,   , 637 F. Supp. 2d 1218, 1223 (2009).  On

February 15, 21, and 22, 2007, Jensen, on behalf of importers

that it represents, filed 308 protests with Customs, covering

1,529 entries of softwood lumber from Canada.[3]  Compl. ¶ 9.  On

---

[1]     "Liquidation means the final computation or
ascertainment of duties on entries for consumption or drawback."
76 Fed. Reg. 2573, 2576 (Jan. 14, 2011) (to be codified at 19
C.F.R. § 159.1).

[2]     In relevant part, 19 U.S.C. § 1515(a) provides:

Unless a request for an accelerated disposition of a
protest is filed in accordance with subsection (b) of
this section the appropriate customs officer, within
two years from the date a protest was filed in
accordance with section 514 of this Act [19 U.S.C.
§ 1514], shall review the protest and shall allow or
deny such protest in whole or in part.

[3]     Plaintiff's 308 protests are identified in Schedule A
to its complaint.  The protests involve the liquidation of
entries of softwood lumber from Canada pursuant to the 2006 U.S.-
Canada Softwood Lumber Agreement ("SLA").  According to
plaintiff, for a number of reasons, it overpaid antidumping and
                                                      (continued...)

March 9, 2009, more than two years after filing its protests,

plaintiff, through its counsel, contacted Customs' Office of

Regulations and Rulings ("OR&R") to inquire about the protests'

status.  Compl. ¶ 12.  Following nearly two months of exchanged

phone messages, OR&R informed plaintiff that its protests had

been consolidated under a "lead protest," and that a draft

protest decision letter had been prepared, but not yet finalized

or issued.

       Plaintiff, then, asked for a list identifying which of its

308 protests had been consolidated under the "lead protest."

Compl. ¶ 13.  Plaintiff's request stemmed from its concern that,

because its protests pertained to entries from a number of

different ports, including, among others, Buffalo, New York,

Seattle, Washington, and Great Falls, Montana, the consolidation

might not include all 308 protests.  Compl. ¶ 15.

---

       [3](...continued)
countervailing duty deposits on these entries.  Under the SLA,
the U.S. agreed to refund all cash deposits on certain entries of
Canadian softwood lumber, including plaintiff's.  In turn,
importers receiving the refunds were then obligated to pay a
certain percentage of the refunded amounts to the Canadian
government.  Plaintiff claims that by failing to adjust
plaintiff's deposit rates, Customs included the overpaid deposits
in the amounts refunded under the SLA, which caused plaintiff to
become obligated to pay a percentage of the overpaid deposits to
the Canadian government.  According to plaintiff, had the
overpayments been corrected prior to liquidation of its entries,
plaintiff would not have incurred these additional financial
obligations.  *See* Ex. 1 to Pl.'s Resp. to Def.'s Mot. to Dism.
and Mot. to Ext. Dead. ("Pl.'s Mem").

Court No. 10-00115                                                        Page 4

    Customs never provided plaintiff with the requested
information.  Compl. ¶¶ 15-16.  Rather, by email message dated
August 7, 2009, OR&R suggested that plaintiff contact the Port of
Detroit, Michigan to obtain a list of consolidated protests.
Compl. ¶ 14.  By reply email, plaintiff expressed its concern
that the port of Detroit might not have information on the
entries from other ports.  Accordingly, plaintiff stated that
"[w]e would appreciate if whoever in your office has access to
the file would be able to send us a listing of the protests
covered by the ruling."  Compl. ¶ 15.  When plaintiff did not
receive any further response to its inquiries, it commenced an
action in this Court on August 10, 2009 "for the purpose of
preserving its appeal rights in the event [Customs] had issued
any decisions regarding some or all of the protests within the
statutory deadline and not given notice to [Jensen]."[4]  Compl.
¶ 16; *See Norman G. Jensen, Inc. v. United States,* Court No. 09-
00332 ("2009 Action").[5]

    On October 20, 2009, plaintiff again contacted OR&R to
inquire about the protests.  Compl. ¶ 17.  By email message dated
October 22, 2009, OR&R responded that pursuant to 19 C.F.R.

_____

    [4]    Pursuant to 28 U.S.C. § 2636(a), an action in this
Court seeking review of the denial of a protest must be filed
within 180 days of the denial of the protest.

    [5]    Notably, jurisdiction is lacking over the 2009 Action
because plaintiff's protests have not been denied.  *See* 28 U.S.C.
§ 1581(a).  Plaintiff acknowledges this jurisdictional defect in
its papers.  *See* Pl.'s Mem. n.3.

§ 177.7(b),[6] Customs would not issue a ruling with respect to any

issue pending before this Court, and, therefore, Customs would

not rule on plaintiff's protests because they were the subject of

the 2009 Action.  Compl. ¶ 18.  By letter dated November 10,

2009, plaintiff's counsel responded to OR&R's October 22

communiqué, "reiterat[ing] [Customs'] statutory obligation to

issue a decision with respect to the protests within two years

from the date the protests were filed, and requested once again

that [Customs] advise when a decision would be rendered on the

protests."  Compl. ¶ 19.

Plaintiff received no further response from Customs, and on

April 2, 2010 Jensen commenced the action now before the court,

seeking a writ of mandamus to compel Customs to rule on its

protests.  *See* Compl. ¶ 27.  Jurisdiction is asserted under 28

U.S.C. § 1581(i).  Compl. ¶ 2; Pl.'s Resp. to Def.'s Mot. to

Dism. and Mot. to Ext. Dead. ("Pl.'s Mem.") 5.

Defendant moves to dismiss plaintiff's action for lack of

subject matter jurisdiction,[7] arguing that "an importer may not

---

[6]    In relevant part, 19 C.F.R. § 177.7(b) (2010) provides
that "[n]o ruling letter will be issued with respect to any issue
which is pending before the United States Court of International
Trade . . . ."

[7]    Defendant also moved to dismiss this action under USCIT
R. 12(b)(5), claiming that plaintiff's complaint fails to make
out a claim for mandamus, and, therefore, fails to state a claim
for which relief may be granted.  The court does not reach the
merits of this argument because the court lacks jurisdiction to
hear plaintiff's claim.  *See Duferco Steel, Inc. v. United*
                                                    (continued...)

obtain jurisdiction under 28 U.S.C. § 1581(i) where another

administrative avenue, such as accelerated disposition of a

protest under 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22(d),

exists."  Mem. in Supp. of Def.'s Mot. to Dis. and Mot. to Stay

the Fil. of its Resp. to the Pet. for Writ of Mand. Pend. the

Res. of the Mot. to Dis. ("Def's Mem.") 6.  According to

defendant, plaintiff can obtain the relief sought from this Court

by following the statutory scheme set forth in 19 U.S.C. §§ 1514

(providing the procedure for protesting decisions of Customs) and

1515 (providing for the accelerated disposition of protests),

and, if necessary, seeking review of Customs' determinations in

this Court pursuant to 28 U.S.C. § 1581(a).  Defendant argues,

therefore, that plaintiff may not invoke this Court's § 1581(i)

residual jurisdiction because of the availability of an

adminstrative procedure that could lead to jurisdiction under §

1581(a).  Def's Mem. 6-7.


                        STANDARD OF REVIEW

     Whether jurisdiction exists is a question of law for the

court.  *Shah Broths., Inc. v. United States*, 34 CIT    ,    , Slip

---

(...continued)
*States*, 29 CIT 1249, 1252, 403 F. Supp. 2d 1281, 1284 (2005)
("Once a defendant moves to dismiss an action under USCIT R.
12(b)(1) for lack of subject matter jurisdiction, the plaintiff
has the burden of proving that assertion of jurisdiction is
proper.  The Court must limit its inquiry to the jurisdictional
question, and avoid examining the merits of a case.") (citations
omitted).

Op. 10—115 at 9 (October 6, 2010).  The party seeking to invoke

this Court's subject-matter jurisdiction bears the burden of

establishing it.  *Alden Leeds Inc. v. United States*, 34 CIT   ,

  , 721 F. Supp. 2d 1322, 1327 (2010) (citing AutoAlliance Int'l,

Inc. v. United States, 29 CIT 1082, 1088, 398 F. Supp. 2d 1326,

1332 (2005)).  To meet its burden, the plaintiff must plead facts

from which the court may conclude that it has subject-matter

jurisdiction with respect to each of its claims.  *Schick v.

United States*, 31 CIT 2017, 2020, 533 F. Supp. 2d 1276, 1281

(2007) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S.

178, 189 (1936)).


                              DISCUSSION

I.  Jurisdiction Under 28 U.S.C. § 1581(i)

     "It is a 'well-established principle that federal courts

. . . are courts of limited jurisdiction marked out by

Congress.'"  *Norcal/Crosetti Foods v. United States,* 963 F.2d

356, 358 (Fed. Cir. 1992) (quoting *Aldinger v. Howard,* 427 U.S.

1, 15 (1976)).  The jurisdiction of the Court of International

Trade is found in 28 U.S.C. § 1581.  Subsections (a)-(h) of §

1581 delineate the specific actions over which this Court has

subject matter jurisdiction.  *See* 28 U.S.C. § 1581.

     Section 1581(i) sets forth this Court's so-called "residual"

or "catch-all" jurisdictional grant.  Although § 1581(i) is a

"broad residual jurisdictional provision," its application is generally limited to cases for which jurisdiction is not or could not have been available under another subsection of § 1581.  *See Hartford Fire Ins. Co. v. United States,* 544 F.3d 1289, 1292-93 (Fed. Cir. 2008) (citing *Int'l Customs Prods. v. United States,* 467 F.3d 1324, 1327 (Fed. Cir. 2006)).

If jurisdiction is or could have been available under another subsection of § 1581, jurisdiction under subsection (i) will not lie "unless the other subsection is shown to be manifestly inadequate."  *Hartford Fire Ins. Co.,* 544 F.3d at 1292.  As the Court of Appeals for the Federal Circuit explained:

> '[W]here a litigant has access to the [Court of
> International Trade] under traditional means, such as
> 28 U.S.C. § 1581(a), it must avail itself of this
> avenue of approach by complying with all the relevant
> prerequisites[8] thereto.  It cannot circumvent the
> prerequisites of 1581(a) by invoking jurisdiction under
> 1581(i)' unless such traditional means are manifestly
> inadequate.

*Id.* (quoting *Am. Air Parcel Forwarding Co. v. United States,* 718 F.2d 1546, 1549 (Fed. Cir. 1983)).  When 1581(i) jurisdiction is asserted, the party invoking jurisdiction bears the burden of demonstrating that another subsection is either unavailable or manifestly inadequate. *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987).

---

[8]     By prerequisites, the *Hartford Fire Ins. Co.* Court was referring to established administrative procedures such as the filing of a protest.

II.  Jurisdiction Under Section 1581(a)

Section 1581(a) governs this Court's jurisdiction to review Custom's treatment of protests.  Pursuant to that subsection, "[t]he [Court] shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section [19 U.S.C. § 1515]."  28 U.S.C. § 1581(a). Accordingly, in order to invoke this Court's jurisdiction to review Customs' treatment of a protest, a plaintiff must first obtain a denial of that protest from Customs.  *See Playhouse Imp. & Exp., Inc. V. United States*, 18 CIT 41, 43, 843 F. Supp. 716, 719 (1994).

Under 19 U.S.C. § 1514(a), a party can challenge Customs' liquidation of entries by filing a protest with Customs.  In turn, 19 U.S.C. § 1515(a) provides that Customs shall allow or deny a protest within two years of its filing.  Pursuant to § 1515(b), however, a party may submit a request to Customs for accelerated disposition at any time concurrent with or after the filing of a protest.  If accelerated disposition is requested, the protest is deemed denied unless Customs takes action to allow or deny it by the thirtieth day following mailing of the request. *See* 19 U.S.C. § 1515(b).  A party can seek judicial review of a protest that is denied, or deemed denied, by filing a summons in this Court within 180 days of the denial or deemed denial.  *See* 28 U.S.C. § 2632(b); 28 U.S.C. § 2636.

III.  The Parties' Jurisdictional Arguments

Defendant argues that the Court lacks jurisdiction over this matter because plaintiff can obtain the relief it seeks by following the administrative procedure of filing a request for accelerated disposition set forth in § 1515(b).  Def.'s Mem. 5-8. According to defendant, by following this statutory procedure, within thirty days after filing its request for accelerated disposition, Jensen will either have an allowed protest or a denied protest--the very result it hopes to obtain by mandamus. Therefore, defendant insists, plaintiff has not demonstrated that the jurisdiction provided for under § 1581(a) could not have been available to it.  Def.'s Mem. 8.  Nor, defendant insists, has plaintiff demonstrated that the remedy afforded by the administrative route of seeking an accelerated disposition is manifestly inadequate.  Accordingly, defendant maintains that to find that jurisdiction existed over plaintiff's claim under this Court's residual jurisdiction when an administrative path to § 1581(a) jurisdiction is clearly available would "circumvent the statutory scheme set up by 19 U.S.C. § 1514 and 28 U.S.C.§ 1581(a)."  Def.'s Mem. 7-8.

Plaintiff counters that jurisdiction lies under § 1581(i) because it is not seeking the relief that is available by requesting an accelerated disposition pursuant to § 1515(b). Pl.'s Mem. 2-3.  Rather, plaintiff maintains that it is seeking

to have Customs perform its obligation to allow or deny protests

within the time allotted by statute.  According to plaintiff, it

is not seeking to "circumvent the statutory scheme," but rather,

to enforce the statutory scheme by compelling Customs to act in

accordance with the law.  Pl.'s Mem. 3.[9]


IV. Analysis

     The court holds that there is no jurisdiction over this

action under § 1581(i).  While the government's delay in ruling

on plaintiff's protests is unfortunate, plaintiff has a clear

path to having its protests promptly decided by Customs by

following the accelerated disposition procedure under 19 U.S.C. §

1515(b).  Were plaintiff to seek an accelerated disposition one

of three things would happen: (1) the protests could be allowed

by Customs; (2) the protests could be denied by Customs; or (3)

Customs could fail to take any action within thirty days from the

filing of the request, in which case the protests would be deemed

denied.  By following this procedure, plaintiff could obtain the

administrative ruling it seeks within thirty days,[10] and should

---

[9]     According to plaintiff, "[t]he only relief sought by
[plaintiff] is an agency protest review and determination to
which it is expressly and specifically entitled to under the
clear language of § 1515(a) . . . ."  Pl.'s Mem. 3-4.

[10]     Thirty days is the exact period of time plaintiff would
have the court provide Customs to issue a written ruling on the
protests were the court to grant plaintiff's petition for
mandamus.  *See* Plaintiff's Proposed Order on Petition for Writ of
                                                    (continued...)

Customs deny plaintiff's protest or fail to rule within the

thirty day time frame, this Court could hear its case pursuant to

§ 1581(a).

Where, as here, "Congress has provided a specific and

detailed framework for parties to challenge Customs' actions

under 28 U.S.C. § 1581, it is inappropriate for this Court to

permit plaintiffs to circumvent those procedures by invoking

section 1581(i)." *Duferco Steel, Inc. v. United States*, 29 CIT

1249, 1255, 403 F. Supp. 2d 1281, 1287 (2005); *See also* S. Rep.

No. 91-576, at 28 ("Importers concerned about unreasonable delay

at the administrative level are fully protected by the new

provision in section [1515(b)] for obtaining accelerated

disposition of a protest.").

This Court's recent decision in *Hitachi* v. *United States,* 34

CIT    , 704 F. Supp. 2d 1315 (2010) supports a finding that the

court lacks jurisdiction.  In *Hitachi*, the issue was whether

Custom's failure to take action on a protest within two years

conferred jurisdiction upon the Court under§ 1581(i).  The

*Hitachi* Court decided that the availability of accelerated

disposition under § 1515(b) precluded jurisdiction under §

1581(i) because jurisdiction under § 1581(a) was or *could have*

*been* available.  *Hitachi*, 34 CIT at    , 704 F. Supp. 2d at 1320

---

[10](...continued)
Mandamus.

("Jurisdiction under § 1581(a) . . . could have been available if
Hitachi had requested an accelerated disposition of its protest
pursuant to 19 U.S.C. § 1515(b).").

     As the *Hitachi* Court noted, it has been consistently held
that delays in the protest and denial procedure do not render the
jurisdiction provided under § 1581(a) "manifestly inadequate"
because of the availability of the accelerated disposition
procedure under § 1515(b).  *See Hitachi*, 34 CIT at   , 704 F.
Supp. 2d at 1320-21 ("As numerous cases have held, delays in the
protest and denial procedure do not render the remedy provided
under Section 1581(a) manifestly inadequate where the importer
has not used the procedure for accelerated disposition and deemed
denial."); *see also Am. Air Parcel Forwarding Co.*, 718 F.2d at
1551 (finding that the availability of accelerated disposition
procedure precluded a finding that the protest and denial
prerequisite to jurisdiction made § 1581(a) manifestly
inadequate).

     Finally, plaintiff's attempt to distinguish its case by
arguing that it does not seek the denial and judicial review of
its protests, but, rather, a determination by Customs within the
time prescribed by statute, is unconvincing.  According to
plaintiff, "it is clear that an accelerated disposition request
for a 'more rapid decision' is unquestionably futile and will
inevitably result in a deemed denial after three and a half years

and all [Jensen's] entreaties have failed to result in a protest review and decision."  Pl.'s Mem. 5.  Plaintiff contends, therefore, that it seeks an actual ruling and not a deemed denial, and "there is no alternative to a mandamus remedy for relief, and no other jurisdiction but § 1581(i) for that remedy." Pl.'s Mem. 5.

What plaintiff's argument fails to take into account is that a request for an accelerated disposition will not necessarily result in a deemed denial.  Pursuant to the statute, a deemed denial only results if Customs fails to actually allow or deny the protest within thirty days.  In other words, Congress established the accelerated disposition procedure so that Customs would have an opportunity to make a decision and the court will not assume that Customs will fail to act.[11]

---

[11]    As noted above, defendant maintains that Customs failure to rule on plaintiff's protests to date is a direct result of plaintiff's filing of the 2009 Action as well as the case now before the court.  Defendant insists that 19 U.S.C. § 1515(c) required Customs to refrain from ruling on plaintiff's protests.  Section 1515(c) provides, in relevant part:

> If an action is commenced in the Court of International Trade that arises out of a protest or an application for further review, all administrative action pertaining to such protest or application shall terminate and any administrative action taken subsequent to the commencement of the action is null and void.

Defendant has represented to plaintiff and the court that Customs had prepared a draft ruling letter on plaintiff's protests, but ceased work on the ruling upon plaintiff's filing of the 2009 Action.  Def.'s Mem. 2-3; Pl.'s Mem. n.3; Def.'s Status Report, dated November 8, 2010 ("[T]he government is

(continued...)

CONCLUSION

For the foregoing reasons, the court finds that it lacks

jurisdiction to hear plaintiff's claims under 29 U.S.C. 1581(i).

Accordingly, plaintiff's complaint is dismissed.   Judgment will

be entered accordingly.


                                    /s/ Richard K. Eaton
                                       Richard K. Eaton

Dated: February 10, 2011
       New York, New York

---

    [11](...continued)
prepared to provide the Court with the time line within which
U.S. [Customs] anticipates resolving [Jensen's] Application for
Further Review on the lead protest, once both of Jensen's pending
actions (Court Nos. 09-003332 and 10-00115) are dismissed.").
Accordingly, it is reasonable to assume that, upon the dismissal
of this action and the 2009 Action, Customs would resume work on
its ruling and issue the same to plaintiff.

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| NORMAN G. JENSEN, INC., | : |
|  | : |
| Plaintiff, | : |
|  | : Before: Richard K. Eaton, Judge |
| v. | : |
|  | : Court No. 10-00115 |
| UNITED STATES, | : |
|  | : |
| Defendant. | : |
|  | : |
|  | : |

<u>JUDGMENT</u>

Upon consideration of defendant the United States' motion to dismiss and the memoranda and accompanying materials in support thereof, and the opposition and supporting materials thereto, and upon all the other papers and proceedings had herein, it is hereby

ORDERED that defendant's motion to dismiss be, and hereby is, granted; and it is further

ORDERED that judgment is hereby entered in favor of defendant; and it is further

ORDERED that the above referenced case is dismissed.

    /s/ Richard K. Eaton   
Richard K. Eaton

Dated:    February 10, 2011
        New York, New York